IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDDIQ B.A. ASAD,
  Plaintiff,

vs.           Case No:  3:06cv546/RS/EMT

RON McNESBY, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

   This cause is before the court upon a Notice of Removal filed by Defendants Sheriff Ron McNesby and the Escambia County Sheriff's Department (Doc. 1).

   On September 8, 2004, Plaintiff commenced this action in the Circuit Court in and for Escambia County Florida, pursuant to the Florida Tort Claims Act, Fla. Stat. § 768.28, and Article X, section 13 of the Florida Constitution (*id.*, Ex. 1 at 2–3; *see* http://www.clerk.co.escambia.fl.us). In his complaint, Plaintiff alleges that Defendants violated his right to free exercise of religion pursuant to Article I, section 3 of the Florida Constitution and the Florida Religious Freedom Restoration Act, Fla. Stat. § 761.03, and his right to due process pursuant to Article I, section 9 of the Florida Constitution (Doc. 1, Ex. 1 at 5).  Plaintiff issued a summons upon Defendants on November 15, 2006 (*id.*, Ex. 1 at 1), and service was effected on November 20, 2006 (Doc. 3 at 1). Defendants now seek to remove the case to this court pursuant to 28 U.S.C. §§ 1441(b) and 1443, and they assert that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1344 (Doc. 1 at 1).

   Title 28 U.S.C. § 1446 provides the procedure for removal and provides that a defendant desiring to remove a civil action from a state court shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a). The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face

of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1446(c)(4).

Defendants assert that this court has original jurisdiction pursuant to § 1331, which grants the federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.  Therefore, Defendants contend that removal is proper under § 1441(b), which provides,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441(b).

Additionally, Defendants assert that this court has jurisdiction pursuant to § 1343, which grants the federal district courts original jurisdiction over any civil action authorized by law to be commenced by any person

> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

*Id.* § 1343(a)(3).  Accordingly, Defendants contend that removal is also proper under § 1443, which allows the removal to federal court of certain civil actions, including those "Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.* § 1443(1).

Upon review, the undersigned concludes that this court does not have subject matter jurisdiction over Plaintiff's suit.  Plaintiff's complaint alleges only violations of Florida state law, and he asserts jurisdiction in Florida state court pursuant to the Florida Tort Claims Act and the Florida Constitution (*see* Doc. 1, Ex. 1 at 2–9).  Nowhere in Plaintiff's complaint does he cite the United States Constitution, or any federal treaties or laws.   Although Plaintiff alleges that Defendants violated his rights to free exercise of religion and to due process, he raises these claims under Florida statutes and the Florida, not the federal, Constitution.  While Plaintiff *could* raise similar claims under federal law, he has not done so, and the potential alone is insufficient to give this court jurisdiction over his state law claims.  Since Plaintiff's claims do not arise under the

Constitution, laws, or treaties of the United States, nor does Plaintiff claim that he was deprived of any right, privilege or immunity secured by the United States Constitution or by any federal law, Defendants' notice of removal should be denied and the case remanded to state court.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be remanded *sua sponte* for lack of subject matter jurisdiction.

2.      That the clerk be directed to remand this case to the Circuit Court for Escambia County, Florida, and close this file.

3.      That Defendants' Motion to Dismiss (Doc. 3) be **DENIED as moot**.

At Pensacola, Florida, this 15<u>th</u> day of December 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**